## Brinton's Estate.

A testator having bequeathed to his widow all his personal estate for her life or widowhood, the executor is not bound, before he delivers it, to take security for its return.

APPEAL by J. Hoops from the decree of the orphan's court of *York* county, settling the administration account of Jesse Brinton and Mills Hays, executors of John Brinton deceased.

Jno. Brinton's will. "I give and bequeath unto my wife Lydia all my estate both real and personal, to be held and enjoyed by her for and during her natural life, or so long as she shall remain my widow, with the exception of one bed (&c. given to a daughter), and at the decease of my widow, or if she should marry again, in either of these cases I order and direct my land to be sold, together with all my stock, my household and other effects, by my executors, and the money arising from such sale to be equally divided among my children."

After the death of the widow, Jesse Brinton and Mills Hays, the executors, were, on the 8th of September 1835, cited to settlement, and on the 4th of November 1835 filed an account, in which "the accountants charge themselves with the proceeds of the sale of the personal property before the death of the widow, it having been taken to pay debts, the balance having been willed to the widow for life, 85 dollars 85 cents; the balance of the estate having come into their hands since the death of the widow, they have fairly disposed of, but the money not having been paid, they omit for a future settlement."

The executors charged themselves with nothing more on this account. They then took credit, among others, for payments No. 21, to cash paid Lydia Brinton, 16 dollars; No. 22, to cash paid Lydia Brinton, 17 dollars 81 cents; and produced a balance in their own favour of 32 dollars 42 cents.

On behalf of James Hoops, as guardian, and others, the above items, Nos. 21 and 22, were, among others, excepted to.

On the 5th of March 1836, the executors, again being cited, filed another account, in which they corrected errors in the first, and charged themselves with real and personal estate sold after the widow's death, amounting together to 1050 dollars 78 cents, of which 607 dollars were derived from the sale of land.

They then asked credit, among others, for the balance claimed by them on their first account, viz. 32 dollars 42 cents; and "for

[Brinton's Estate.]

trouble and responsibility in managing the estate eleven years, whilst in the hands of the widow, 100 dollars.

Auditors reduced the claim " for trouble, &c." to 70 dollars, and allowed the credits Nos. 21 and 22 ; and exceptions were filed to their report.

Samuel Downs, a witness for accountants, deposed thus : " Lydia Brinton told me that in 1828 or 1829, in harvest, Jesse Brinton, one of the executors, had paid to her, the said Lydia, the widow, the balance of the vendue money of said estate, and that she had divided it among her children, and said they might make use of it, as she had enough to live on. She showed me timber in a frame building which she said she got from said Jesse."

The orphan's court (Durkee, President) disallowed the exceptions, and confirmed the report.

From which J. Hoops, as guardian, appeals, and alleges that the orphan's court erred in allowing credits Nos. 21 and 22 on the first account, and in allowing 70 dollars to the executors " for trouble, &c."

*Evans* and *Mayer*, for appellants.
*Fisher*, for appellees.

PER CURIAM.—It was formerly the practice of chancery to exact security in cases of this kind ; but no more was usually exacted, when the chattels in this case were delivered, than an inventory stating that they were put into the custody of the immediate legatee, subject to the limitation over ; and even this much, perhaps, had not been practised in Pennsylvania. They might be worn out by use or destroyed by accident ; and it was deemed enough that the testator had confided them to the first object of his bounty, to prevent a chancellor, except in very special circumstances, from adding a condition which he had not thought fit to add. For the future, however, the subject is differently disposed of by the act of the 24th of February 1834, section forty-nine, which directs security, under the direction of the orphan's court, to be given in all cases.

Decree affirmed.